**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Case No. 2:17-CV-03069 (VEB)

VIRGINIA FRANCINE MARTINEZ,

              Plaintiff,

vs.

NANCY BERRYHILL, Acting
Commissioner of Social Security,

              Defendant.

DECISION AND ORDER

## I. INTRODUCTION

In August of 2013, Plaintiff Virginia Francine Martinez applied for Disability Insurance benefits and Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the applications.

Plaintiff, by and through her attorney, Joshua W. Potter, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 13, 14). On April 6, 2018, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 24).

## II. BACKGROUND

Plaintiff applied for benefits on August 22, 2013, alleging disability beginning July 11, 2013. (T at 14).[1]  The applications were denied initially and on reconsideration.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On March 19, 2015, a hearing was held before ALJ Michael J. Kopicki. (T at 41).  Plaintiff appeared with her attorney and testified. (T at 45-57).  A further hearing was held on September 9, 2015, before ALJ Ken H. Chau. (T at 61). Plaintiff appeared with her attorney and offered additional testimony.  (T at 66-87). The ALJ also received testimony from Elizabeth Brown-Ramos, a vocational expert. (T at 87-92).

---

[1] Citations to ("T") refer to the administrative record transcript at Docket No. 18.

DECISION AND ORDER – MARTINEZ v BERRYHILL 2:17-CV-03069-VEB

On October 5, 2015, ALJ Chau issued a written decision denying the applications for benefits. (T at 11-40). The ALJ's decision became the Commissioner's final decision on March 17, 2017, when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

On April 24, 2017, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on September 6, 2017. (Docket No. 12). The parties filed a Joint Stipulation on February 20, 2018. (Docket No. 23).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be reversed and this case remanded for calculation of benefits.

## III. DISCUSSION

### A.    Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a

DECISION AND ORDER – MARTINEZ v BERRYHILL 2:17-CV-03069-VEB

claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or

equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

DECISION AND ORDER – MARTINEZ v BERRYHILL 2:17-CV-03069-VEB

**B.      Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner]  may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

DECISION AND ORDER – MARTINEZ v BERRYHILL 2:17-CV-03069-VEB

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.    Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since July 11, 2013, the alleged onset date, and met the insured status requirements of the Social Security Act through June 30, 2017 (the "date last insured"). (T at 18).  The ALJ found that Plaintiff's history of seizures and stroke; degenerative disc disease of the lumbosacral spine with stenosis; and panic disorder without agoraphobia were "severe" impairments under the Act. (Tr. 18).

DECISION AND ORDER – MARTINEZ v BERRYHILL 2:17-CV-03069-VEB

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 20).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: Plaintiff can stand/walk for a total of 4 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; frequently operate foot controls with the left lower extremity; occasionally climb ramps and stairs; never climb ladders/ropes/scaffolds; occasionally balance, stop, kneel, crouch, crawl, walk on uneven terrain; cannot operate motor vehicle or work at unprotected heights; and is limited to simple, routine, and repetitive tasks. (T at 23).

The ALJ noted that Plaintiff could not perform her past relevant work as a hand packager or pharmacy helper. (T at 31). Considering Plaintiff's age (37 years old on the alleged onset date), education (limited), work experience, and residual functional capacity, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform. (T at 31-32).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between July 11, 2013 (the alleged onset date) and October 8, 2015 (the date of the decision) and was therefore not entitled to

DECISION AND ORDER – MARTINEZ v BERRYHILL 2:17-CV-03069-VEB

benefits. (T at 33). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

**D.  Disputed Issues**

As set forth in the Joint Stipulation (Docket No. 23), Plaintiff offers four (4) main arguments in support of her claim that the Commissioner's decision should be reversed.  First, she argues the ALJ's consideration of the medical opinion evidence was flawed.  Second, Plaintiff challenges the ALJ's credibility determination.  Third, she argues that the ALJ did not properly consider lay witness testimony.  Fourth, Plaintiff asserts that the ALJ's step five analysis was flawed.  This Court will address each argument in turn.

# IV. ANALYSIS

**A.  Medical Opinion Evidence**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they

can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

The courts have recognized several types of evidence that may constitute a specific, legitimate reason for discounting a treating or examining physician's medical opinion. For example, an opinion may be discounted if it is contradicted by the medical evidence, inconsistent with a conservative treatment history, and/or is based primarily upon the claimant's subjective complaints, as opposed to clinical findings and objective observations. *See Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*.

In October of 2013, Dr. Paul Chiu, a pain management specialist and one of Plaintiff's treating physicians, opined that Plaintiff was "unable to work in any

capacity." (T at 568). Dr. Chiu completed a "Physicians Source Statement" in August of 2015. Dr. Chiu reported that Plaintiff would be "off task" approximately 30% of each work day due to her pain and limitations. (T at 790). He stated that Plaintiff was likely to absent from work 5 days or more per month due to pain or treatment, would be unable to complete 6 days or more of work per month, and could efficiently perform a job for a full-day less than 50% of the time. (T at 790).

Dr. Nagasamudra Ashok, an internist and another treating physician, reported in March of 2015 that Plaintiff was experiencing 3-4 epileptic seizures per week. (T at 739). Dr. Ashok completed a Medical Source Statement in September of 2015. Dr. Ashok opined that Plaintiff could occasionally lift/carry less than 5 pounds, sit for 90 minutes in an 8-hour workday, and stand/walk for 2 hours in an 8-hour workday. (T at 792). He reported that Plaintiff needed a cane to ambulate. (T at 792). Dr. Ashok stated that Plaintiff could never push/pull with her right hand. (T at 793). He opined that Plaintiff could occasionally climb stairs and ramps, but never stoop, kneel, crouch, or crawl. (T at 794). Dr. Ashok explained that Plaintiff suffered from frequent muscle spasms that caused "excruciating pain" radiating from the legs to the feet. (T at 793).

DECISION AND ORDER – MARTINEZ v BERRYHILL 2:17-CV-03069-VEB

The ALJ discounted these treating physician opinions, finding them not "well supported" by the objective record and contradicted by other medical evidence, including assessments from examining and reviewing physicians. (T at 25).

This Court finds the ALJ's consideration of the treating physician opinions not supported by substantial evidence.

The ALJ stated that the treating sources' opinions "appear[ed] to be tainted" by Plaintiff's efforts to obtain benefits.  (T at 26-27).  The ALJ explained that the treating physicians "appear[ed] to be actively assisting [Plaintiff's] attempt to obtain benefits, rather than simply treating her or offering an objective opinion corroborated by the treatment notes." (T at 27).  As such, the ALJ concluded that the opinions "lack[ed] neutrality and reliability." (T at 27).

However, "[t]he purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them," unless there is additional evidence demonstrating impropriety.  The ALJ identified no such evidence here. *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995); *see also Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998); *Ratto v. Secretary*, 839 F. Supp. 1415, 1426 (D. Or. 1993) ("The Secretary may not assume that doctors routinely lie in order to help their patients collect disability benefits.").

DECISION AND ORDER – MARTINEZ v BERRYHILL 2:17-CV-03069-VEB

The ALJ also found that the treating physician opinions were contradicted by the medical record, which, the ALJ believed, showed that Plaintiff's "conditions have generally been managed with mainly conservative measures …." (T at 25). However, Plaintiff was treated with powerful prescription medication (e.g., Xanax, OxyContin, Ambien, Cymbalta, Medzine, Norvase, and Gabapentin) (T at 547-49) and epidural steroid injections. (T at 627-33). She required the use of a walker to ambulate, which was prescribed. (T at 739). This cannot reasonably be characterized as "limited" or "conservative" treatment. *See Harvey v. Colvin*, 2014 U.S. Dist. LEXIS 107607, at *28 (C.D. Cal. Aug. 5, 2014)(finding that ALJ erred in discounting credibility based on "conservative" treatment where treatment included injections); *Yang v. Barnhart*, 2006 U.S. Dist. LEXIS 90358, at *12-14 (C.D. Cal. Dec. 12, 2006)(concluding that physical therapy, neck surgery, prescription medication, and epidural injections were not "conservative" treatments). In addition, surgery was discussed and recommended, but apparently not pursued because of insurance issues. (T at 624-25, 738).

The ALJ also relied on several examining and reviewing physician opinions, finding them more persuasive than the treating physicians' assessments. However, the ALJ's consideration of the non-treating physician opinions was flawed. Some of the non-examining State Agency review physicians did render opinions consistent

DECISION AND ORDER – MARTINEZ v BERRYHILL 2:17-CV-03069-VEB

with the ALJ's RFC determination. (T at 27, 101-103, 103-105, 134-36, 136-38). However, the opinion of a non-examining, State Agency physician does not, without more, justify the rejection of a treating physician's opinion. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995)(citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990)).

The ALJ also relied on the assessments of three consultative examiners, but the analysis of these opinions was both poorly-articulated and insufficiently reasoned. (T at 27-28). Dr. Ulin Sargeant performed a consultative examination in October of 2013. Dr. Sargeant noted that Plaintiff had "very weak and poor balance" of the left lower extremity and needed a walker to ambulate and for balance. (T at 612, 614). This finding, which was consistent with the treating physicians' opinions and one of the State Agency review assessments, was rejected by the ALJ for the vague reason that it was "not supported by the objective findings and other medical evidence." (T at 27).

Dr. Sarah Maze performed a consultative examination in April of 2015. However, Plaintiff's counsel raised serious questions as to Dr. Maze's qualifications and credibility.[2] The ALJ appeared to acknowledge the validity of these concerns (T

---

[2] In sum, Dr. Maze identified herself as a "Board Eligible, Neurologist." (T at 743). Plaintiff's counsel argued that this was not a proper designation and, in fact, is a designation forbidden by the American Board of Neurology. (T at 64).

DECISION AND ORDER – MARTINEZ v BERRYHILL 2:17-CV-03069-VEB

at 28), but still afforded some unspecific amount of weight to Dr. Maze's opinion, while stating that he was relying "primarily" on the "longitudinal treatment records." (T at 28). However, the ALJ expressly relied on Dr. Maze's assessment when justifying his decision to discount the treating physicians' opinion. (T at 25). Given the issues related to Dr. Maze's qualifications and credibility, which the ALJ acknowledged and made no effort to resolve, this was error.

The ALJ also offered conflicting and confused analysis regarding the opinion of Dr. Nina Kapitanski, an examining psychiatrist. Dr. Kapitanski performed a consultative psychiatric evaluation in October of 2013. She diagnosed panic disorder without agoraphobia, along with a history of alcohol and amphetamine abuse in full sustained remission. (T at 608).

Dr. Kapitanski assigned a Global Assessment of Functioning ("GAF") score[3] of 55 (T at 608), which is indicative of moderate symptoms or difficulty in social, occupational or educational functioning. *Metcalfe v. Astrue*, No. EDCV 07-1039, 2008 US. Dist. LEXIS 83095, at *9 (Cal. CD Sep't 29, 2008). Dr. Kapitanski opined that Plaintiff would have "moderate limitations completing a normal workday or work week due to her mental condition." (T at 608). She also stated that

---

[3] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

DECISION AND ORDER – MARTINEZ v BERRYHILL 2:17-CV-03069-VEB

Plaintiff would have "moderate difficulties" handling the usual stresses, changes, and demands of gainful employment. (T at 608).

These findings are consistent with the assessment of Dr. Chiu, one of the treating physicians, who likewise believed that Plaintiff's ability to sustain work activities throughout a workday and over the course of a workweek was impaired. (T at 790). Dr. Schumacher, one of the State Agency review physicians, also found Plaintiff moderately limited with regard to responding appropriately to changes in the work setting and noted a need for "reduced interpersonal contact." (T at 105).

After initially citing Dr. Kapitanski's evaluation in support of his decision to discount the treating physicians' opinions (T at 25), the ALJ opted not to accept Dr. Kapitanski's assessment of Plaintiff's limitations, finding the assessment insufficiently specific and inadequately supported. (T at 28). However, the only reason articulated for this result was that Dr. Kapitanski did not explicitly define the term "moderate" in her assessment. (T at 28). The ALJ's rationale is weak, particularly since his RFC determination did not include *any* limitation with regard to Plaintiff's ability to sustain work over the course of a workweek or handle work stress. (T at 23). Stress is "highly individualized" and a person with a mental health impairment "may have difficulty meeting the requirements of even so-called 'low-stress' jobs." SSR 85-15. As such, the issue of stress must be carefully considered

DECISION AND ORDER – MARTINEZ v BERRYHILL 2:17-CV-03069-VEB

and "[a]ny impairment-related limitations created by an individual's response to demands of work . . . must be reflected in the RFC assessment." Id.; s*ee also Perkins v. Astrue*, No. CV 12-0634, 2012 U.S. Dist. LEXIS 144871, at *5 (C.D.Ca. Oct. 5, 2012). The ALJ's consideration of the psychiatric evidence, including in particular, Dr. Kapitanski's report, was insufficient for the reasons outlined above.

The ALJ also found the underlying treatment record inconsistent with the treating physicians' assessments. (T at 24-25). In part, this was based on the ALJ's conclusion that Plaintiff's treatment regimen was "conservative," a conclusion this Court finds flawed for the reasons stated above. Moreover, the contemporaneous records consistently documented decreased range of motion, tenderness and pain, and significant symptoms, including seizures, anxiety, and depression. (T 405-515, 621-23, 671-86, 687-92).

Further, the ALJ missed a critical piece related to Plaintiff's ability to sustain work activities over an extended period under stress. Even if one adopts the ALJ's reading of the record to the effect that Plaintiff's symptoms were relatively well managed with medication and injections, that does not speak to the concern raised by Dr. Chiu and Dr. Kapitanski regarding her ability to sustain work activities under stress. Individuals with chronic health problems "commonly have their lives structured to minimize stress and reduce their signs and symptoms." *Courneya v.*

DECISION AND ORDER – MARTINEZ v BERRYHILL 2:17-CV-03069-VEB

*Colvin*, No. CV-12-5044, 2013 U.S. Dist. LEXIS 161332, at *13-14 (E.D.W.A. Nov. 12, 2013)(quoting 20 C.F.R. Pt. 404, Subp't P, App. 1 § 12.00(D)); *see also Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("[The treating physician's] statements must be read in context of the overall diagnostic picture he draws. That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace.").

In light of the foregoing, this Court finds that the ALJ's decision to discount the treating physicians' opinions is not supported by substantial evidence and cannot be sustained.

**B.      Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible

DECISION AND ORDER – MARTINEZ v BERRYHILL 2:17-CV-03069-VEB

and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff reported biweekly seizures and severe back pain. She used a walker daily. She had difficulty sleeping and needed help with hygiene and taking her medications. She can follow written instructions, but not verbal instructions. (T at 348-56). Plaintiff lives with three of her children. (T at 46). During seizures she sometimes loses control of her bowels and bladder. (T at 53-55). She might be able to walk 15 feet without her walker but is afraid to try. (T at 71-72, 85).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but found her statements regarding the intensity, persistence, and limiting effects of the symptoms not fully credible. (T at 24).

DECISION AND ORDER – MARTINEZ v BERRYHILL 2:17-CV-03069-VEB

First, the ALJ found Plaintiff's subjective statements inconsistent with the objective medical evidence. (T at 24). However, the ALJ's analysis of the objective medical evidence was flawed. As discussed above, the ALJ improperly discounted the treating physicians' assessments, failed to adequately account for Plaintiff's need for a walker (as acknowledged by treating and examining physicians), and did not appropriately address Plaintiff's difficulties in sustaining work activities over time under stress (as assessed by treating and examining physicians). This failure of analysis likewise impacted the assessment of Plaintiff's credibility in that many of her subjective statements are, in fact, supported by objective evidence, when properly considered.

Second, the ALJ placed undue emphasis on Plaintiff's rather limited activities of daily living, which included preparing simple meals and some shopping. (T at 29). Again, the ALJ failed to account for the documented concern that Plaintiff would not be able to sustain activities when faced with the stress demands of work. The Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities ... does not in any way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for

DECISION AND ORDER – MARTINEZ v BERRYHILL 2:17-CV-03069-VEB

benefits, and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

Recognizing that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations," the Ninth Circuit has held that "[o]nly if [her] level of activity were inconsistent with [a claimant's] claimed limitations would these activities have any bearing on [her] credibility." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)(citations omitted); *see also Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012)("The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons..., and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.")(cited with approval in *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014)).

DECISION AND ORDER – MARTINEZ v BERRYHILL 2:17-CV-03069-VEB

Third, Plaintiff has an excellent work record (T at 48-49, 306-28), which provides another reason for crediting her claims. *Pazos v. Astrue*, No. 08-6882, 2009 U.S. Dist. LEXIS 33970, at *29 (Cal. C.D. Mar. 30, 2009).

Fourth, the ALJ discounted Plaintiff's credibility for failing to see specialists recommended by primary care providers, while recognizing that Plaintiff's financial difficulties created a barrier that limited her health care access. (T at 29). This was error. Under SSR 96-7p, an ALJ must not draw an adverse inference from a claimant's failure to seek or pursue treatment "without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." *Id.; see also Dean v. Astrue*, No. CV-08-3042, 2009 U.S. Dist. LEXIS 62789, at *14-15 (E.D. Wash. July 22, 2009). Indeed, "financial concerns [might] prevent the claimant from seeking treatment [or] . . . . the claimant [may] structure[] his daily activities so as to minimize symptoms to a tolerable level or eliminate them entirely." *Id.*

For the foregoing reasons, this Court finds the ALJ's credibility determination flawed.

DECISION AND ORDER – MARTINEZ v BERRYHILL 2:17-CV-03069-VEB

## C. Lay Testimony

"Testimony by a lay witness provides an important source of information about a claimant's impairments, and an ALJ can reject it only by giving specific reasons germane to each witness." *Regennitter v. Comm'r*, 166 F.3d 1294, 1298 (9th Cir. 1999).

In this case, Margaret Robinson, a friend of Plaintiff, submitted a function report in October 2013. Ms. Robinson had known Plaintiff for 24 years and visited her 2 to 3 times a week. (T at 360). According to Ms. Robinson, Plaintiff can "barely walk" and uses a walker. (T at 360). She reported that Plaintiff needs help with basic activities of daily living, including dressing, bathing, and cleaning her home. (T at 361). Plaintiff needs reminders to take her medication. (T at 362). Ms. Robinson stated that Plaintiff had mood swings and depressive symptoms, with limited social activities and a limited attention span. (T at 365). She reported that Plaintiff has difficulty handling stress and changes in routine. (T at 366).

The ALJ discounted Ms. Robinson's statements. He noted that Ms. Robinson was not an expert, could only record her personal observations, and was likely influenced by her affinity for Plaintiff. (T at 31). However, this amounts to re-stating the definition of a lay witness – a non-expert connected to the claimant who offers his/her personal observations regarding the claimant's activities and

DECISION AND ORDER – MARTINEZ v BERRYHILL 2:17-CV-03069-VEB

limitations. In other words, the ALJ faulted the lay witness for being a lay witness. This was error. If these are valid reasons for rejecting lay testimony, then all such testimony would be *ipso facto* rejected, which is clearly not the correct result. *See Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993) ("[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition."). To the extent the ALJ discounted the lay testimony as inconsistent with the objective medical evidence, that finding is undermined by the ALJ's errors in assessing the medical evidence, as outlined above.

**D.    Step Five Analysis**

At step five of the sequential evaluation, the burden is on the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). If a claimant cannot return to his previous job, the Commissioner must identify specific jobs existing in substantial numbers in the national economy that the claimant can perform. See *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.1995). The Commissioner may carry this burden by "eliciting the testimony of a vocational expert in response to a hypothetical that sets out all the limitations and restrictions of the claimant."

DECISION AND ORDER – MARTINEZ v BERRYHILL 2:17-CV-03069-VEB

*Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The ALJ's depiction of the claimant's disability must be accurate, detailed, and supported by the medical record. *Gamer v. Secretary of Health and Human Servs.*, 815 F.2d 1275, 1279 (9th Cir.1987). "If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value." *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

Relying on the vocational expert's testimony, the ALJ concluded in this case that Plaintiff could perform work that exists in significant numbers in the national economy. (T at 32-33). However, the ALJ did not incorporate all of the appropriate limitations into the hypothetical on which he relied.

The record, including assessments from treating and examining physicians, demonstrated Plaintiff's need for a walker. (T at 614, 739). The need for a walker was not included in the hypothetical relied upon by the ALJ. (T at 88-9). This was significant because the vocational expert testified that the need to use a walker would preclude employment due to workplace safety issues. (T at 90). In addition, the hypothetical relied on by the ALJ did not contain any limitation with regard to sustaining work activities over the course of workday and workweek with normal work stress. (T at 88-89). As discussed above, the ALJ's conclusion that Plaintiff

DECISION AND ORDER – MARTINEZ v BERRYHILL 2:17-CV-03069-VEB

did not have any stress-related work limitations was not supported by substantial evidence. As such, this is also an error with regard to the step five analysis.

**E.     Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

In contrast, an award of benefits may be directed where the record has been fully developed and where further administrative proceedings would serve no useful purpose. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Courts have remanded for an award of benefits where (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id*. (citing *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir.1989); *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989); *Varney v. Sec'y of Health & Human Servs*., 859 F.2d 1396, 1401 (9th Cir.1988)).

DECISION AND ORDER – MARTINEZ v BERRYHILL 2:17-CV-03069-VEB

Here, the Commissioner failed to provide sufficient reasons for rejecting assessments for treating and examining physicians and for discounting Plaintiff's credibility. There are no outstanding issues that must be resolved before a determination of disability can be made. It is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited (particularly the evidence regarding the need to use a walker to ambulate and Plaintiff's limitations with regard to sustained work activity under stress).

The Commissioner argues in conclusory fashion that a remand for further proceedings would be the appropriate remedy if this Court were to find the ALJ's decision not supported by substantial evidence. However, it is not clear what purpose such a remand would serve in this particular case. The Ninth Circuit has held that it is not appropriate to "remand for the purpose of allowing the ALJ to have a mulligan." *Garrison v. Colvin*, 759 F.3d 995, 1012, 1021 (9th Cir. 2014). Indeed, "[a]llowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

As such, this Court finds that a remand for calculation of benefits is the proper result.

DECISION AND ORDER – MARTINEZ v BERRYHILL 2:17-CV-03069-VEB

# V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this action for calculation of benefits, and it is further ORDERED that

The Clerk of the Court file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case without prejudice to a timely application for attorneys' fees and costs.

DATED this 25th day of September 2018,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – MARTINEZ v BERRYHILL 2:17-CV-03069-VEB